CASANUEVA, Judge.
On October 19, 2011, the City of Avon Park terminated Michael Rowan’s employment as Chief of Police, and Mr. Rowan contests his termination in a pending administrative proceeding. The parties contend that an issue in that proceeding will be Mr. Rowan’s actions as Chief of Police in investigating certain members of the Avon Park City Council. An investigator with the State Attorney’s Office for the Tenth Judicial Circuit had conducted an investigation into the allegations raised by Mr. Rowan against some members of the City Council and allegations against Mr. Rowan that he improperly deleted information from his work computer. The investigator, Michael Ivancevich, issued a written report after concluding the investigation, and the report was eventually released as a public record pursuant to chapter 119, Florida Statutes (2011).
The City sought to have Mr. Ivancevich testify about his investigation at Mr. Rowan’s administrative hearing, and it directed the administrative hearing officer to issue a subpoena to Mr. Ivancevich. The State then filed an amended petition asking the circuit court to quash the subpoena and enter a protective order preventing another subpoena from being issued to Mr. Ivancevich. The circuit court granted in part and denied in part the State’s amended petition, quashing the subpoena and limiting the scope of Mr. Ivancevich’s testimony. The court also held that any portion of the written investigative report containing the mental impressions of Mr. Ivancevich was not admissible in the administrative hearing.[1] The City appealed this ruling, arguing that the report is a public record and is admissible in evidence, that Mr. Ivancevich’s testimony should not have been limited, and that the circuit court improperly quashed the subpoena. Mr. Rowan filed a cross-appeal, arguing that Mr. Ivancevich should be precluded from testifying at the administrative hearing. We affirm the circuit court’s thoughtful and well-analyzed order in all respects save one. We reverse only that part of the circuit court ruling excluding from evidence the portion of Mr. Ivancevich’s report containing his mental impressions.
The City argues, and the State and Mr. Rowan agree, that Mr. Ivancevich’s report is a public record. Section 119.071(l)(d)(l), Florida Statutes (2011), provides as follows:
A public record that was prepared by an agency attorney ... or prepared at the attorney’s express direction, that reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and that was prepared exclusively for civil or criminal litigation or for adversarial administra *472 tive proceedings, or that was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until the conclusion of the litigation or adversarial administrative proceedings.
(Emphasis added.)
Criminal investigative information is considered active if it is “related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future. In addition, criminal intelligence and criminal investigative information shall be considered ‘active’ while such information is directly related to pending prosecutions or appeals.” § 119.011 (3)(d)(2); see also Barfield v. City of Fort Lauderdale Police Dep’t, 639 So.2d 1012, 1018 (Fla. 4th DCA 1994) (“[Ojnce the investigations are concluded, if no charges are filed, the records would cease to be ‘active’ and thus subject to disclosure.”).
Mr. Ivancevich’s investigation and any related criminal proceedings have concluded, since no charges were filed against any of the parties mentioned in the report. Therefore, the exemption in section 119.071(l)(d)(l) no longer applies and the report was properly made a public record pursuant to section 119.07.
At this stage of the proceeding, the circuit court erred in excluding from evidence that part of the written investigative report containing the mental impressions of Mr. Ivancevich. We reverse only that part of the circuit court ruling excluding that portion of Mr. Ivancevich’s report from evidence. Our determination today should not be construed as permitting any party to go behind the written report to obtain evidence that would otherwise be excluded by the circuit court’s order. Further, we do not comment on the admissibility of the report at the administrative hearing, as we cannot anticipate what objections, if any, will be made during that hearing.
Affirmed in part; reversed in part; remanded.
CRENSHAW and SLEET, JJ., Concur.

. At the hearing on the State’s amended petition, the circuit court first declined to rule on the admissibility of the investigator’s report, stating, "I'm not ruling on that. That’s the hearing officer's duty.” However, after the attorneys continued to seek a ruling on whether the report was admissible, the circuit court then stated that it was granting the State’s amended petition for protective order, "which says any mental impressions. And if that's in the report, if that’s in his testimony, wherever it is, I'm granting the motion for protective order on that.”